## INLAND STEEL COMPANY *v.* SMITH.

168    245
171    101
f171   267

[No. 20,749.   Filed March 15, 1907.]

1. TRIAL.—*General Verdict.—Answers to Interrogatories to Jury.*—A general verdict for plaintiff, in a personal injury case, is a finding in his favor of the truth of some or all of the allegations of negligence, and of his freedom from contributory negligence; and such verdict needs no answer to interrogatories to the jury to sustain it.   p. 247.

2. SAME.—*General Verdict.—Answers to Interrogatories to Jury.—Which Controls.*—The general verdict controls unless the answers to the interrogatories to the jury are not merely inconsistent but irreconcilable under any evidence admissible under the issues.   p. 247.

3. SAME. — *Evidence Admissible to Sustain General Verdict. — How Determined.*—In determining the evidence admissible to sustain. a general verdict, on a motion for judgment on the answers to the interrogatories, the court will consider the complaint, answer, general verdict and answers to the interrogatories.   p. 248.

4. SAME.—*Answers to Interrogatories to Jury.—Conflict.*—Conflicting answers to interrogatories to the jury nullify each other.   p. 249.

5. SAME. — *Answers to Interrogatories to Jury. — Exclusiveness of.—Negligence.—Presumptions.—Intendments.*—Where the answers to the interrogatories to the jury are not exclusive, no presumptions nor intendments can be indulged to sustain a claim that the acts of negligence shown by such answers were the only acts proved.   p. 249.

6. MASTER AND SERVANT.—*Negligence.—Dangerous Works and Ways.—Moving Crane.—Notice.*—In an action by the servant for injuries caused by the descent of a crane upon him, where it is the master's duty to ·warn such servant of the danger connected therewith, it is not necessary to show that any other employe or the master saw such servant or knew of his danger.   p. 250.

7. TRIAL. — *Instructions.—Signing.—Necessity for.—Statutes.—Appeal and Error.*—Instructions requested, but which have no memorandum attached and signed by the judge showing which were given or which refused, cannot be considered where they are brought into the record as provided by §544a Burns 1905, Acts 1903, p. 338, §1, since the Supreme Court cannot tell which were given or which refused.   p. 250.

8. TRIAL.—*Instructions.*—*Exceptions.*—*Dates.*—*Statutes.*—Where attorneys take exceptions, under §544a Burns 1905, Acts 1903, p. 338, §1, to the instructions in a case, such exceptions must be dated.   p. 251.

9. SAME.—*Instructions.*—*Exceptions.*—*Joint.*—The entry: "And the defendant excepts to all of said instructions numbered, 12, 13, 15, 16, 17, 18, 20 and 22," shows a joint exception which is bad unless each of the instructions is erroneous.   p. 252.

10. APPEAL. — *Briefs.*—*Evidence.*—Where complaints are made of certain rulings on evidence but the page and line where such evidence may be found are not set out, such questions will not be considered.   p. 252.

11. SAME.—*Briefs.*—*Points.*—Questions not shown in appellant's statement of points are waived.   p. 252.

12. SAME. — *Briefs.*—*Points.*—*Definiteness.*—A statment in appellants "points" that an instruction "was erroneous" or that "a motion for a new trial was not supported by sufficient evidence," presents no question.   p. 252.

From Laporte Superior Court; *Charles H. Truesdell,* Special Judge.

Action by Fred Smith against the Inland Steel Company. From a judgment on a verdict for plaintiff for $10,000, defendant appeals. Appealed from Appellate Court under cl. 3, §1337j Burns 1901, Acts 1901, p. 565, §10. (As to right of appeal, see *Indianapolis, etc., R. Co.* v. *Waddington,* 169 Ind. —.) *Affirmed.*

*N. L. Agnew* and *H. E. Cutler,* for appellant.

*Peter Crumpacker* and *D. J. Moran,* for appellee.

MONKS, J.—This action was brought by appellee to recover damages for injuries received by him while in the service of appellant. The jury returned a general verdict in favor of appellee, and also answers to interrogatories submitted by the court. Appellant's motion for a judgment in its favor on the answers to interrogatories notwithstanding the general verdict, and its motion for a new trial, were overruled and judgment rendered on the general verdict in favor of appellee.

Inland Steel Co. *v.* Smith—168 Ind. 245.

The errors assigned call in question the action of the court in overruling (1) the motion for judgment in favor of appellant on the answers to the interrogatories notwithstanding the general verdict; (2) the demurrer to the amended complaint; (3) the motion for a new trial.

Appellant insists that the answers of the jury to the interrogatories are inconsistent with the general verdict, because they show (1) that appellee was guilty of contributory negligence; (2) that appellant was not guilty of the negligence alleged in the complaint; (3) that no person in the employment of appellant saw appellee at the time of his injury, or knew of the danger which menaced him, and appellant cannot be held liable to appellee for the failure of appellant to warn appellee of the approach of the electric crane which injured him.

The party in whose favor a general verdict is returned is not required to sustain the same by the answers to the interrogatories. The general verdict sustains itself.

1. In this case such verdict necessarily determined all material issues in favor of appellee, that his injury was caused by some one or all of the acts of negligence alleged in the complaint, and that appellee was not guilty of any negligence which contributed to his injury.

It is well settled that, unless the answers to the interrogatories are in irreconcilable conflict with the general verdict, the court did not err in overruling appel-

2. lant's motion for a judgment in its favor. It is not sufficient that said answers are merely inconsistent with the general verdict. The answers of the jury to interrogatories override the general verdict only when both cannot stand, the conflict being such, on the face of the record, as to be beyond the possibility of being removed by any evidence admissible under the issues in the cause. *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1907), *post,* 438, and cases cited.

In determining this question, we may look only to the complaint, answer, the general verdict, the interrogatories and the answers thereto. *Consolidated* 3. *Stone Co.* v. *Summit* (1899), 152 Ind. 297, 300-302.

It appears from the record that appellee was in the service of appellant, and that while engaged in fastening a wooden cleat upon an upright iron or steel pillar, about eighteen feet above the floor, in the open hearth department of appellant's steel plant, then in process of construction and equipment, he was injured by an electric crane in said open hearth department, the allegations concerning appellant's negligence being as follows: "That while he was in said position, defendant negligently and carelessly, without warning or notice of any kind to the plaintiff, ran said traveling crane noiselessly and quietly down, against and upon said plaintiff; that defendant negligently failed to equip said crane with a bell or other means for the purpose of warning persons that might be injured by it when said crane was put in motion; that said defendant negligently constructed said crane so that in passing said pillar on said horizontal beam it passed very close to it; that plaintiff did not know that said crane was being operated on said horizontal beam, and did not know of the danger of his position, nor did he know that said traveling crane would not clear said beam in such manner that his arm would not be caught by it, as hereinafter complained of; that at the time of the plaintiff's injury and at the time of the running of said crane down upon him, the Indiana Bridge Company, by its officers, agents and employes, was engaged in placing certain large iron or steel plates in the floor of said building and riveting them to the beams thereof; that said work and employment made a great deal of noise and clatter, so that it was impossible for plaintiff to hear the slight noise made by the moving

of said crane; that said crane was negligently and carelessly run against and upon the plaintiff by the defendant, and plaintiff's left arm, between the elbow and the shoulder, was crushed; that said injury is permanent and will continue throughout the life of plaintiff, and is due wholly to said negligence."

It is not necessary to determine whether any of the answers of the jury to the interrogatories show that appellee was guilty of contributory negligence for 4. the reason that if they do, they are inconsistent with other answers of the jury on that subject, and cannot control the general verdict because they destroy each other. *Pittsburgh, etc., R. Co.* v. *Lightheiser, supra,* and cases cited.

Appellant's second insistence is based on the 5. following interrogatories and the answers thereto:

"(94) Did the plaintiff's injury result from the negligence of any person in the employ of the defendant on June 12, 1902? A. Yes. (95) If you answer the foregoing interrogatory in the affirmative, please state the name of the employe, and what he was doing. A. McCullom, the superintendent of the electrical department of the Inland Steel Company. No evidence as to what he was doing. (96) If you answer the last preceding interrogatory but one in the affirmative, please state in what such negligence consisted. A. In not giving the needed instructions to the plaintiff. (97) Was the plaintiff's injury directly due to the failure of any person to give him notice of the approach of the crane at the time of his injury? A. Yes. (98) If you answer the preceding interrogatory in the affirmative, please state who it was that failed to give such notice. A. McCullom. (99) If you answer the last preceding interrogatory but one in the affirmative, please state what warning or notice could have been given the plaintiff that was not given. A. By placing a man to warn all of approaching danger."

The jury by said answers do not find that the acts of omission mentioned in said answers were the only causes of appellee's injury. We cannot indulge in presumptions and intendments in favor of said answers of the jury, even if by so doing they would show that the only acts of negligence of which appellant was guilty were those stated in said answers, because said answers cannot be aided by any presumption or intendment. The rule is that all reasonable presumptions and intendments will be indulged in favor of the general verdict, and none will be indulged in favor of the answers to the interrogatories. *Consolidated Stone Co.* v. *Summit* (1899), 152 Ind. 297, 301, and cases cited. For aught that appears in said answers, appellant may have been guilty of all the acts of negligence alleged in the complaint.

The theory of the complaint was that under the facts alleged therein it was the duty of appellant to warn appellee of the approach of the crane. Upon this theory, 6. the fact that no person in the employment of appellant saw appellee at the time of his injury, or knew of the danger which menaced him, would not relieve appellant of such duty.

As appellant has admitted in its brief the sufficiency of the amended complaint, we have assumed that it is sufficient without considering or determining that question.

Complaint is made by appellant of the instructions given by the court of its own motion and of the refusal of the court to give certain instructions requested by appellant.

Appellee insists that no question is presented by the record as to instructions given or refused by the court, because said instructions given and refused and the 7. exceptions thereto are not in the record. It is evident from an examination of the record that there has been an attempt to make the instructions given and refused and the exceptions thereto a part of the record,

not by a bill of exceptions, but under Acts 1903, p. 338, §1, §544a Burns 1905. That section provides, as to instructions requested, that "all instructions requested shall be plainly written and numbered consecutively and signed by the party or his counsel. The court shall indicate, before instructing the jury, by a memorandum in writing at the close of the instructions so requested the numbers of those given and of those refused and such memorandum shall be signed by the judge." By this method the court itself, without a bill of exceptions, makes the record show which of the instructions requested were given and which were refused. Instructions requested by appellant are copied into the transcript, but there is no memorandum signed by the judge as required by said section, indicating which, if any, of the instructions requested were given or refused by the court. Without such memorandum, we cannot determine whether any or all of the instructions requested were given or refused. It is evident that no question is presented as to the instructions requested.

As to the exceptions to instructions given and refused, said section further provides that "exceptions to the giving or refusing of instructions may be taken at any time during the term, and the same may be taken orally and entered upon the record or minutes of the court, or in writing at the close of the instructions requested, or given by the court of its own motion, in which case the party excepting or his counsel shall enter at the close of such instructions a memorandum, which shall be dated and signed, setting forth in substance that such party excepts to the giving or to the refusing, as the case may be, of each of the above instructions, designated by its number." Appellant by its attorneys entered and signed a memorandum in writing, as required by said section, at the close of the instructions given, but failed to date the same, as required in said section. The date is quite as

material as the signature of a party or his counsel. This was not sufficient compliance with said act to make said exceptions available. *Malott* v. *Hawkins* (1902), 159 Ind. 127, 137-139, and cases cited.

The record shows that appellant excepted orally to certain instructions given, as follows: "And the defendant excepts to all of said instructions numbered 12, 13, 15, 16, 17, 18, 20 and 22." This exception was in gross to all said instructions, and to be available all must be bad. It is not claimed by appellant that all the instructions named are bad. Said exception is not therefore available. Ewbank's Manual, §28, p. 36.

Complaint is made by appellant of certain rulings of the court in admitting evidence over its objection, but the page and line of the record where such rulings may be found are not pointed out in appellant's brief. It has been uniformly held by this court that, whenever appellant fails to specify the page and line where the ruling excluding or admitting evidence may be found, the court will not search the record to find it, but will disregard any such question. Ewbank's Manual, §182; *Providence Washington Ins. Co.* v. *Wolf* (1907), *post,* 690, and cases cited.

All questions not stated in appellant's statement of points are waived.

Stating in the points that an instruction or ruling of the court "was erroneous," or that "a motion for a new trial was not supported by sufficient evidence, or the like, without giving any specific reason therefor, is too indefinite to present any question. *Pittsburgh, etc., R. Co.* v. *Lightheiser, supra,* and cases cited.

Having determined all the questions not waived and finding no available error, the judgment of the Laporte Superior Court is affirmed.