# Jenkins *v.* LaFayette Box Board and Paper Company.

[No. 6,397.    Filed April 1, 1909.]

1. Pleading.—*Complaint.*—*Master and Servant.*—*Factory Act.*— *Dangerous Machinery.*—A complaint under §9 of the factory act (§8029 Burns 1908, Acts 1899, p. 231) must allege that it was practicable to guard the dangerous machinery on which plaintiff was injured; and the plaintiff can recover only by showing that such machine was of the class specifically enumerated in such statute.    p. 464.

2. Statutes.—*Factory Act.*—*Dangerous Machinery.*—"Vats."— "Gearing."—"Liner."—A "liner," being a large cylindrical roller filled with hot steam, revolving on an iron frame, and used in the manufacture of pasteboard boxes, does not come within the terms "vat" or "gearing," as used in §9 of the factory act (§8029 Burns 1908, Acts 1899, p. 231).    p. 465.

3. Statutes.—*Words.*—*Meaning.*—The words of a statute are ordinarily given their plain and usual meaning, but technical words are given their technical import.    p. 465.

From Superior Court of Tippecanoe County; *Henry H. Vinton*, Judge.

Action by Charles Jenkins against the LaFayette Box Board and Paper Company. From a judgment for defendant, plaintiff appeals.    *Affirmed.*

*Wilson & Quinn* and *C. E. Thompson*, for appellant.
*Kumler & Gaylord*, for appellee.

Myers, J.—Appellant brought this action to recover damages for a personal injury caused by the alleged negligence of the appellee in failing properly to guard certain machinery, in the operation of which appellant was engaged as the appellee's employe.    At the conclusion of the evidence, the court instructed the jury to return a verdict for appellee, which was accordingly done.    The machine at which the appellant was employed is described in the complaint as "a liner," which consisted of an iron frame on which rested a heavy, hollow, revolving iron roller, which was filled with steam, and while in operation was heated to a high tem-

perature.  Upon the top of this roller, and revolving thereon, was another and smaller solid iron roller, covered with felt.  Immediately in front of the liner was an iron rod parallel with it, and fastened at either end to the iron frame which supported the liner.  The liner was used in fastening white paper on brown or heavy paper manufactured by appellant, for the purpose of making pasteboard boxes.  In order to apply the white paper it was necessary for the person operating the machine to place the white paper on the surface of the brown paper as it passed through the liner, so that the rollers would catch it and carry it through the roller on the brown paper.  In doing this work the operator stood on a board about two inches thick and a foot wide extending across the front of said frame, and leaned forward over the iron rod, and, with his hands, placed the white paper in proper position to pass through the rollers revolving in the direction away from him.

Error is assigned on the action of the court in overruling appellant's motion for a new trial.

This cause of action was based upon section nine of the factory act (Acts 1899, p. 231, §8029 Burns 1908), requiring the proper guarding of "all vats, pans, saws, planers, cogs, gearing, belting, shafting, set-screws and machinery of every description."

Though it was necessary to allege and prove that it was practicable properly to guard the machine without rendering it useless for the purpose for which it was 1.	intended to be operated, yet there could be no recovery without showing also that the unguarded machine or appliance was of the kind or character of the class of machinery specifically designated in the statute.  *LaPorte Carriage Co.* v. *Sullender* (1905), 165 Ind. 290; *National Fire Proofing Co.* v. *Roper* (1906), 38 Ind. App. 600; *Whiteley, etc., Castings Co.* v. *Wishon* (1908), 42 Ind. App. 288; *Bemis-Indianapolis Bag Co.* v. *Krentler* (1907), 167 Ind. 653.

In the case last cited it was held that the negligent failure to guard the rapidly revolving cylinders of a printing-press, propelled by electricity, was not a violation of the statutory requirement. It is suggested, on behalf of appellant, that the unguarded rollers of the liner come within the meaning of the word "vat" in the statute, and if not so to be regarded, then the unguarded rollers should be regarded as covered by the word "gearing." We cannot conclude that by the use of either of those terms the legislature contemplated such machinery as the rollers here in question. The words of a statute must be taken in their plain, or ordinary and usual sense, though technical words, having a peculiar and appropriate meaning in law, are to be understood according to their technical import. §240 Burns 1908, §240 R. S. 1881. The rollers, as here described and used, not being of the class or character designated by the statute to be guarded, it is manifest there could be no recovery in this action, and therefore the court did not err in instructing the jury to return a verdict for the appellee.

Judgment affirmed.