## Union Traction Company of Indiana *v.* Howard, Administrator.

[No. 21,597.   Filed January 14, 1910.]

1. Interurban Railroads.— *Speed in Cities.*— *Negligence.*— The running of an interurban car across streets in a city at from ten to fifteen miles per hour does not constitute negligence *per se.* p. 341.
2. Pleading. — *Complaint.* — *Interurban Railroads.* — *Excessive Speed.—Failure to Warn.—Evidence.*—Where a complaint alleges that defendant interurban railroad company ran its car over a street at an excessive rate of speed, and without giving any warning, and because thereof its car collided with decedent's automobile, killing him, the evidence must affirmatively show both the excessive speed and the failure to warn of the car's approach, and an answer to an interrogatory that there was no evidence as to the sounding of any gong is a failure of proof requiring a reversal of the judgment.  p. 341.
3. Appeal.—*New Trial.*—Where justice demands, a new trial will be ordered on a reversal.  p. 341.

From Hamilton Circuit Court; *Meade Vestal,* Special Judge.

Action by Francis M. Howard, as administrator of the estate of Charles L. Howard, deceased, against the Union Traction Company of Indiana. From a judgment on a verdict for plaintiff for $2,000, defendant appeals. Transferred from Appellate Court under §1394 Burns 1908, cl. 2, Acts 1901, p. 565, §10. *Reversed.*

*J. A. Van Osdal, W. A. Kittinger,* and *Kane & Kane,* for appellant.

*W. S. Christian, Henry Spaan,* and *Wymond J. Beckett,* for appellee.

MYERS, J.—Action by appellee against the appellant for the alleged negligent killing of the decedent. Errors are here assigned, and the claim presented, that the court erred in overruling the motion for judgment upon the answers to the interrogatories, and in overruling the motion for a new trial.

The complaint alleged, and the jury found in answer to the interrogatories, that the decedent was killed at the intersection of Twenty-seventh street and College avenue, in the city of Indianapolis, while crossing from the east side of College avenue to the west side of that street, the automobile which he was driving being struck by an interurban car traveling south on the west line of a double track laid in College avenue, which runs north and south. The findings show that a street-car stood on the east line of the track north of Twenty-seventh street, with the rear end opposite the north sidewalk of Twenty-seventh street; that another car stood north of that car on the same track; that a street-car stood on the same track, south of Twenty-seventh street, and with the front end opposite the south sidewalk on Twenty-seventh street; that the latter was twenty-four feet in width from curb to curb, and crossed College avenue at right angles; that College avenue was a paved street, practically level; that north-bound cars used the east line of double track, and south-bound cars the west line; that neither of the three cars

standing on the east track was the property of, or under the control of, or placed there by, appellant or its employes; that the decedent knew that street-cars and interurban cars were operated upon the street, and that a car was liable to pass over Twenty-seventh street; that about 9.40 o'clock a. m. the decedent, in an automobile driven by himself, passed north on College avenue on the east side of the double track to Twenty-seventh street, then crossed on Twenty-seventh street between the two cars, turning to the northwest, when the automobile was struck by an interurban car moving south on the west track; that the automobile was within fifteen or twenty feet of the interurban car when it emerged from between the city cars; that the decedent could not have learned, by the exercise of ordinary care, that the interurban car was approaching, on account of the cars on the east track; that the automobile was driven at a speed of four or five miles an hour, and the interurban car was running at the rate of from ten to fifteen miles per hour before, and from ten to twelve miles per hour at the time of the collision. To the interrogatory, "Was the gong on said interurban car sounded on that occasion when approaching said Twenty-seventh street and after said interurban car left Twenty-eighth street?" the jury answered, "Not sufficient evidence."

It is alleged "that said defendant's employes, in sole charge of said car, were negligent in this: That they knew that the cars described as aforesaid were standing on said east track, and that because of this the outlook to travelers coming north on the east side of said avenue would be interfered with, so as to hide the motion of said car, and that, notwithstanding such knowledge, they ran said car over and along said track on Sutherland avenue, and the west track on College avenue, at a high and dangerous rate of speed, to wit, forty-five miles an hour, without giving any warning of approach. And it was because of this high and dangerous

rate of speed and failure to give warning that said car ran into and killed said decedent, as before stated.''

Upon the motion for judgment upon the answers to the interrogatories, it is insisted that the allegation of the failure to give warning is so coupled with the high rate of speed alleged, that a failure to show that warning was not given is a failure to prove an essential element in the charge of negligence; that the rate of speed and the failure to give warning are alleged as concurring acts going to make up the negligence charged; that neither the rate of speed nor the failure to give warning, standing alone, constitutes a different act of negligence, or the negligence charged, and that, the burden being upon appellee, the finding of the jury on the question of sounding the gong, is a failure of proof that it was not sounded. It is not alleged that the gong was not sounded, but that no warning was given. We cannot know judicially, that there might not have been other means of giving warning. Certainly if the gong was sounded, there was some attempt at warning; whether sufficient or not was a question for the jury under all the circumstances. The answer of the jury standing alone is not a finding that the gong was not sounded, any more than that it was sounded.

It is urged on the one hand, that the pretended answer to interrogatory forty-four is not an answer at all, and hence can have no effect upon the general verdict, and on the other, that, looking to the interrogatories, the general verdict, the complaint and answer, the answer of the jury shows either that there was conflicting evidence on the point, or that there was a failure to show that the gong was not sounded. If it had been found that the gong was sounded, that might not necessarily have defeated a recovery. As it stands, it is so equivocal in character as not to permit the deduction, as a matter of law, that the failure to find affirmatively that it was not sounded overrides the general verdict. Even if it can be said to be a failure to find the fact that the gong was not sounded, that would not in and of itself overthrow the

general verdict, for the court cannot know judicially that the sounding of the gong was the only means of warning attempted, or given, or in use. If that were the sole neglect alleged, so that the complaint would be founded on the failure to sound the gong, we would be bound to treat the finding, ''not sufficient evidence,'' as a finding against appellee, or a fact not proved, and necessary to warrant a recovery. *Chicago, etc., R. Co.* v. *Wilfong* (1910), *ante,* 308; *Coffinberry* v. *McClellan* (1905), 164 Ind. 131; *Hamrick* v. *Hoover* (1908), 41 Ind. App. 411.

If it had been found that the gong was sounded, it would still have been for the jury to say whether, in view of the speed and the surrounding conditions and circumstances, it was sufficient to relieve appellant of the imputation of negligence. But the failure to sound the gong is not the negligence charged. If the gong was sounded, and there were still conditions which, from their character or any other reason, did not amount to a warning, the fact that it was sounded would not defeat a recovery. The general verdict covered failure to give such warning as was necessary under the conditions. This interrogatory, at the most claimed, only goes to failure of proof in one particular, and it certainly cannot be regarded on this motion as a finding that the gong was sounded, or as a failure to find that every proper or necessary means of giving warning was neglected. The fact that a gong was not sounded does not establish, as against appellant, that no warning was given, for other warning may have been given. Unless we can say that the finding, that there was ''not sufficient evidence'' to enable the jury to say whether the gong was or was not sounded, raises the presumption that it was sounded, the finding cannot affect the general verdict; but as we view the question it is not one of presumption, but one of failure of proof, if it was essential to plaintiff's recovery that it should be shown that the gong was not sounded, which, as we have seen, is not necessary or essentially the case. The occurrence of the collision alone

does not raise a presumption of negligence; nor is a high rate of speed negligence *per se.* *Baltimore, etc., R. Co.* v. *Young* (1896), 146 Ind. 374; *Southern Ind. R. Co.* v. *Messick* (1905), 35 Ind. App. 676; *Elwood St. R. Co.* v. *Ross* (1901), 26 Ind. App. 258. Hence, it appears to have been the theory of the complaint, under this state of the law, that the failure to give warning was a necessary allegation.

We think there is but one act of negligence alleged; that it requires the concurrence of a high and dangerous rate of speed, coupled or concurring with a failure to give warning, to constitute the negligence charged. The jury said by its general verdict that the rate of speed, coupled with the failure to give warning, was negligence; so that treating the finding as a failure of proof that the gong was not sounded, it is not in irreconcilable conflict with the general verdict, which covers any warning, proper or necessary under the circumstances, proof of which was admissible under the issues. If appellant desired a specific answer of "yes" or "no" to interrogatory forty-four, it should have requested that the jury be required to make answer, and the denial of the request would have constituted reversible error. *Perry, etc., Stone Co.* v. *Wilson* (1903), 160 Ind. 435; *Duesterberg* v. *State, ex rel.* (1888), 116 Ind. 144; *Chicago, etc., R. Co.* v. *Ostrander* (1888), 116 Ind. 259; *Bradley* v. *Bradley* (1873), 45 Ind. 67; *Reeves* v. *Plough* (1872), 41 Ind. 204; *Maxwell* v. *Boyne* (1871), 36 Ind. 120; *Noble* v. *Enos* (1862), 19 Ind. 72.

All reasonable presumptions will be indulged in favor of the general verdict, and interrogatories will not be aided by presumptions; and it is only when the conflict on the face of the record is such that it is beyond the possibility of being removed by any evidence admissible under the issues in a cause that the general verdict will fall, and if the answers to interrogatories are so uncertain that their meaning cannot be ascertained they will not control the general verdict. *Inland Steel Co.* v. *Smith* (1907), 168 Ind. 245; *Pittsburgh, etc., R.*

*Co.* v. *Lightheiser* (1907), 168 Ind. 438; *Grand Rapids, etc., R. Co.* v. *McAnnally* (1884), 98 Ind. 412; *Anderson* v. *Citizens Nat. Bank* (1906), 38 Ind. App. 190; *Lindley* v. *Kemp* (1906), 38 Ind. App. 355.

The foregoing are the views of the writer, but all the other members of the court are of a different opinion. The jury found that the rate of speed at which the interurban car was moving was from ten to fifteen miles per hour, instead of forty-five miles per hour, as alleged in the complaint.

1. The court cannot say that a rate of speed of from ten to fifteen miles per hour constituted negligence *per se,* and all are agreed that plaintiff's cause of action depended upon a showing that both the rate of
2. speed and a failure to give any warning concurred in producing the accident.

The finding of the jury shows that there was not sufficient evidence on the subject of sounding the gong, or that the evidence was so conflicting that the jury could not agree upon the ultimate fact that the gong was not sounded. Appellee having the burden of showing that it was not sounded, the answer of the jury is a failure to find a fact essential to warrant his recovery. If the gong was sounded, there was some warning, in direct negation of the allegation of the complaint, and in irreconcilable conflict with, and in contradiction of, the general verdict, which in effect found that no warning was given, and for that reason appellee was not entitled to a judgment. Other questions are presented which can scarcely arise in another trial, and are not considered.

The court is of the opinion that justice will be best subserved by granting a new trial. The judgment is
3. therefore reversed, with direction to the court below to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.