# WISE, ADMINISTRATOR, *v.* THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY.

[No. 22,771. Filed April 1, 1915. Rehearing denied June 25, 1915.]

1.  RAILROADS.—*Crossing Accidents.*—*Trial.*—*Answers to Interrogatories.*—In an action for the death of a person killed on a railroad crossing, answers by the jury to interrogatories showing that at five o'clock p. m. on the day he was killed decedent was intoxicated, that later he was seen walking along defendant's tracks and so intoxicated that he was staggering, that he was struck at a point on defendant's tracks where a street crosses same, that defendant had not planked the crossing or graded the approach as required by law, that there were no obstructions to prevent decedent from seeing the train had he approached the crossing from either side, that the bell was constantly ringing, etc., were insufficient to support a judgment for either party. p. 485.

2.  TRIAL.—*Verdict.*—*Scope.*—*Answers to Interrogatories.*—A general verdict determines all material issues, in favor of the party for whom it is rendered, and will not be overcome by answers to interrogatories unless they are in irreconcilable conflict therewith. p. 487.

3. TRIAL.—*Answers to Interrogatories.—Inconsistent Answers.*—
Inconsistent answers to interrogatories destroy each other and
will not affect the general verdict. p. 487.

4. NEGLIGENCE. — *Contributory Negligence. — Intoxication.* — The
finding that decedent was intoxicated shortly before he was killed
is not a finding that he was guilty of negligence contributing to
his death, as intoxication is not negligence *per se*, but is merely
an evidentiary fact from which negligence may be inferred.
p. 488.

5. TRIAL.—*Verdict.—Answers to Interrogatories.—Aid by Infer-
ence.*—Inferential or evidentiary facts shown by the jury's an-
swers to interrogatories can not be considered to overthrow the
general verdict, since inferences can not be indulged in favor
of answers to interrogatories. p. 488.

From Superior Court of Marion County (80,406) ; *Vinson
Carter,* Judge.

Action by Thomas Wise, administrator of the estate of
Thomas F. Wise, deceased, against The Cleveland, Cincin-
nati, Chicago and St. Louis Railway Company. From a
judgment for defendant, plaintiff appeals. *Reversed.*

*George W. Galvin,* for appellant.

ERWIN, C. J.—This was an action by appellant for dam-
ages for the killing of his decedent, Thomas F. Wise. Com-
plaint in one paragraph with answer of general denial; trial
by jury and a verdict returned in favor of appellant in the
sum of $2,000. With the general verdict the jury returned
answers to certain interrogatories, submitted by the court.
On motion of appellee the court rendered judgment for ap-
pellee, on the interrogatories and answers thereto notwith-
standing the general verdict, and overruled appellant's mo-
tion for judgment on the general verdict in his favor. This
action of the court is assigned as error here.

The appellee has not seen fit to favor us with a brief in its
behalf or made any effort to advise this court why the action
of the court should be upheld in so rendering the judg-
ment, on the interrogatories or refusing to render
judgment on the general verdict. The answers to in-

terrogatories disclose the following facts: That decedent, Thomas F. Wise, was at the Citizens Gas Company's plant at about 5:00 p. m. of the day he was killed, and was at that time so intoxicated that he staggered and fell. Afterwards he was seen walking westwardly along appellee's tracks at a point about half way between a bridge over a traction line across Prospect Street and Keystone Avenue, being then intoxicated to such an extent that he was staggering. Later the same evening he was seen starting from Keystone Avenue west along appellee's tracks and so continued to travel until struck by one of appellee's engines on its west bound track, at St. Paul Street, which was, on December 16, 1909, a public street of the city of Indianapolis, opened up across appellee's tracks. At this place, on the day of the accident, appellee maintained two main and four switch tracks, one switch track being north of the main tracks. There was no approach from St. Paul Street on the south side of appellee's tracks to the place where the street extended across them, for the use of persons traveling over said tracks either in vehicles, on foot or otherwise, and no crossing of any kind extended over them; that the railroad company, after the city had opened St. Paul Street across its tracks, had not graded the approaches or planked the tracks as required by law. The tracks were about four feet above the level of St. Paul Street, where said street came nearest the tracks on the south side. Appellee's switch tracks at the point where the street would have crossed them, if extended over, had been frequently used by it for the purpose of leaving its freight cars there, but at the time decedent was killed, no cars were standing at that point on its tracks south of its main tracks. Appellee's tracks extending eastwardly from the place where decedent was struck, to the Belt Yards, a distance of about one-half mile, were straight and practically level. There were no obstructions of any kind along appellee's tracks eastwardly from the place where decedent was killed that would have prevented him, if he had approached

them on St. Paul Street from either side, from seeing the engine before he was on the track where he was struck had he looked in that direction. The bell on the engine was ringing continuously from the time it started at the Belt Yards until it reached the place where decedent was struck. The engine was moving backwards at a speed of eight to ten miles an hour as it crossed St. Paul Street, with tender in front. A white headlight was burning on the end of the tender. There was no watchman on the end of the engine where the tender was attached, and the employes of appellee on its engine were not keeping any lookout along the track in the direction in which it was moving. Decedent was a sober, industrious, careful man, and at the time he was struck, was returning home from his work.

The answers to interrogatories are not sufficient to sustain a judgment for either party in this case, but as to appellant who obtained the general verdict it is immaterial whether the interrogatories support it or not for the general verdict sustains itself. It determines all material issues in favor

2. of the party in whose favor it is rendered, and in this case it finds that the death was caused by the acts of negligence charged, or at least some one of the acts charged, and that the decedent was free from contributory negligence. Before the answers to interrogatories can overcome the general verdict in this case, there must be such facts found by the jury in such answers, as are not only inconsistent with the general verdict, but in irreconcilable conflict. *Inland Steel Co.* v. *Smith* (1907), 168 Ind. 245, 80 N. E. 538; *Union Traction Co.* v. *Howard* (1910), 173 Ind. 335, 340, 90 N. E. 764, and cases cited; *Whitely, etc., Castings Co.* v. *Wishon* (1908), 42 Ind. App. 288, 295, 85 N. E. 832, and cases cited. If the answers of the jury to interroga-

3. tories are inconsistent with each other or contradictory, they destroy each other and can not control the general verdict. *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1907), 168 Ind. 438, 448, 78 N. E. 1033, and cases cited.

In the case at bar the jury found some evidentiary facts as to the condition of decedent, finding that he had been intoxicated at 5 :00 o'clock p. m., but does not find he was intoxicated at the time he was killed. This was not a finding that decedent was guilty of negligence, which contributed to his death as intoxication is not negligence *per se*, but is an evidentiary fact from which negligence might be inferred. *Pittsburgh, etc., R. Co.* v. *O'Conner* (1909), 171 Ind. 686, 85 N. E. 969. Since no inferences can be indulged in favor of the answers to interrogatories, inferential or evidentiary facts can not be considered to overthrow the general verdict.

Judgment is reversed with instructions to overrule the motion for judgment on the answers to interrogatories.

NOTE.—Reported in 108 N. E. 869. As to intoxication as contributory negligence, see 25 Am. St. 39 ; 40 L. R. A. 131 ; 47 L. R. A. (N. S.) 730 ; 19 Ann. Cas. 1176 ; Ann. Cas. 1914 D 114. See; also, under (1) 33 Cyc. 1142 ; (2, 3, 5) 38 Cyc. 1927 ; (4) 29 Cyc. 534.