MARY MCDERMOTT v. THE ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY.

No. 8009.

1. TRIAL—*Special Findings Conflict with General Verdict.* In an action against a railroad company to recover damages on account of the death of a brakeman killed while making a flying switch, where the only negligence charged is that the engineer ran at an unnecessary, unusual and dangerous rate of speed, and the jury find specially that the engineer at the time of the accident was under the control of the deceased as to slacking up and going ahead, and that he obeyed the signals given him by the brakeman, *held*, that such special findings conflict with and overturn a general verdict in favor of the plaintiff.

2. EMPLOYMENT—*Assumption of Risk.* A person who solicits and obtains employment in a particular line of duty, even though he makes known the fact that he is wholly inexperienced in that particular occupation, yet holds himself out as competent to perform the duties he undertakes, and cannot charge his employer with the consequences of his own want of knowledge respecting the duties of his employment.

*Error from Lyon District Court.*

THE plaintiff in error brought this action as the widow of Charles McDermott, deceased, alleging that

he was employed as a brakeman by the defendant company, and that he was killed on the 22d of July, 1890, through the negligence of the defendant's servants. It is alleged that the deceased had been employed as brakeman for about two weeks, and that prior to that time he had had no experience as a brakeman and knew nothing about the dangers incident to such employment, and especially the dangers connected with making a flying or drop switch. It is alleged that on said day the deceased, acting as head brakeman, was required to go between the engine and a freight-car and uncouple the same in order to make such switch; that, in making the same, the engine and car passed over a crossing of the Chicago, Kansas & Nebraska railroad, thereby rendering his duty extrahazardous; that he was ignorant of the dangers connected with his duty; and the particular negligence relied on and charged against the company is, that the engineer, without notice to McDermott, ran with great, unusual, unnecessary and dangerous speed over the crossing of said Chicago, Kansas & Nebraska railroad for the purpose of making the switch. McDermott, as the car went over the crossing, was jostled from his position on the car, fell in front of it, was run over and killed. The jury trying the case brought in a general verdict in favor of the plaintiff for $5,000, and also answered special questions submitted by both parties. From the answers to questions submitted by the plaintiff, it appears that the only railroad experience McDermott ever had was three days in June and 10 days in July; that the car on which he was standing when it struck the Rock Island (i. e., C. K. & N.) crossing was going at the rate of 12 to 15 miles per hour; that the officer who employed McDermott was informed that he had had no railroad

experience; that it was McDermott's duty as front brakeman to make the flying switch ordered by the conductor; that the speed at which the car he was on went across the Rock Island track was greater than was necessary in order to make the drop switch; that he was jostled off the brake-beam, where he was standing, and thus killed, by reason of the fact that the car was going at a high and unnecessary rate of speed; that the engineer controlled the rate of speed; that neither the officers who employed McDermott nor any of their agents ever informed him of the dangers incident to making such a switch. From the answers to questions submitted by the defendant, it appears that McDermott voluntarily, on his own application, was employed by the defendant as a brakeman on the 26th of June, 1890; that the accident which caused his death occurred in the daytime; that he understood and knew the duties of a freight brakeman; that he had passed over the Rock Island crossing twice on the day of the accident, and knew where the crossing was; that he knew what his duties would be in making a flying switch; that the conductor had no knowledge of his inexperience; that McDermott did not fully understand the danger attendant on making a flying switch; that when the train dropped back below the Rock Island crossing from 250 to 300 feet, he cut off the car next to the engine from the balance of the train and then took his position between the car and the engine for the purpose of pulling the pin at the proper time; that prior to pulling the pin he signaled to the engineer with his hand to slacken the speed of the engine to enable him to pull it, and that the engineer did slacken the movement of the engine in obedience to the signal; that McDermott, after pulling the pin, gave the signal to the engineer to pull ahead, away

21—56 KAS.

from the car, and that he obeyed the signal ; that McDermott then attempted to swing himself around to the ladder on the side of the car in order to get on top of it ; that at the time he pulled the pin he did not know or have a reasonable opportunity to know the rate of speed at which the car and engine were moving ; that prior to the accident he did not attempt to lessen the speed of the engine except to slacken it for the purpose of enabling him to pull the pin, and that the jolting of the car he was riding on as it went over the crossing caused him to fall.

The twenty-eighth question and answer are as follows :

" Q.   Is it not a fact that, at the time of the accident, the engineer was under the control of McDermott as to slacking up and going ahead while the flying switch was attempted to be made, and immediately prior to McDermott's injury ?   A.· Yes.''

A motion was made by the defendant for judgment in its favor on the special findings of fact, notwithstanding the general verdict.   This motion was sustained, and judgment entered accordingly.   The plaintiff brings the case here for review.   The opinion was filed January 11, 1896.

*E. W. Cunningham,* and *J. Jay Buck,* for plaintiff in error.

*A. A. Hurd,* and *C. N. Sterry,* for defendant in error.

The opinion of the court was delivered by

ALLEN, J. :   The only negligence relied on by the plaintiff for a recovery is that of the engineer in running at an unusual, unnecessary and dangerous rate of speed.   It is not claimed that the conductor was negligent in attempting to make a flying switch at a place where it was necessary to cross another rail-

road.   Much stress is put on the fact of McDermott's inexperience and want of knowledge of the dangers attending the performance of the particular duty devolving on him in making a flying switch, and on the fact that the officer who employed him knew his want of experience.   It certainly cannot be held that the company is guilty of greater negligence in employing an inexperienced brakeman than he is in soliciting and accepting such employment. Experience in any line of business cannot possibly be gained in any other way than through actual employment in it.   By entering the employment of the company as a brakeman, McDermott held himself out as competent to perform his duties as such.   Although the jury have found the rate of speed at which the engine and car were driven was greater than was necessary, and that this caused his death, they also find the rate to have been 12 to 15 miles per hour. While this rate does not impress us as remarkably high or indicative of carelessness on the part of the engineer, we cannot declare, as a matter of law, that it conflicts with the finding that it was unusual and unnecessary.   The serious obstacle in the way of sustaining the general verdict is the twenty-eighth finding, from which it appears that the movements of the engineer were under McDermott's own control.   This being so, it is exceedingly difficult to understand how he can be exonerated from negligence while charging it on the engineer.   If the engineer was bound to follow his directions, and did follow them, as the findings seem to indicate, the unnecessary speed was chargeable to McDermott rather than the engineer, and his widow claiming through him cannot recover on the ground of negligence on the part of the engineer.   This view seems controlling to my brethren,

and while the writer entertains great doubt whether the twenty-eighth finding ought to be construed as meaning more than that it was the duty of McDermott to signal the engineer to slack up at the proper time for him to pull the pin and pull ahead after it was pulled, and of the engineer to obey these signals, he yet is not clear that its meaning is misapprehended by the other members of the court.

The judgment is therefore affirmed.

All the Justices concurring.