# BEMIS INDIANAPOLIS BAG COMPANY *v.* KRENTLER, BY NEXT FRIEND.

[No. 20,865. Filed January 16, 1907.]

1. TRIAL. — *Verdict.* — *General.* — *Special.* — *Which Controls.*— Where the answers to the interrogatories to the jury are in irreconcilable conflict with the general verdict, such answers control. p. 655.

2. TRIAL. — *Verdict.—General.—Special.—Conflict.—How Determined.*—In determining whether there is an irreconcilable conflict between the general verdict and the answers to the interrogatories to the jury, the court will look only to the complaint, answer, general verdict and such interrogatories and answers. p. 655.

3. MASTER AND SERVANT.—*Negligence.—Factory Act.—Printing Presses.*—A printing press is not one of the pieces of machinery specifically designated to be guarded under the provisions of the factory act (Acts 1899, p. 231, §9, §7087i Burns 1901). p. 658.

4. PLEADING.—*Complaint.—Master and Servant.—Factory Act.*—A complaint counting on defendant's violation of the factory act (Acts 1899, p. 231, §9, §7087i Burns 1901) must show that the machine causing the injury was of the class required by such act to be guarded, and that it was possible or practicable to guard such machine. p. 658.

5. TRIAL.—*Verdict.—General.—Special.—Conflict.—Negligence.—Factory Act.*—Where the general verdict is a finding of negligence at the common law only, and the answers to the interrogatories to the jury show negligence only by the violation of the factory act (Acts 1899, p. 231, §9, §7087i Burns 1901), such answers are in irreconcilable conflict with the general verdict, and defendant is entitled to judgment. p. 658.

6. APPEAL AND ERROR.—*Reversal.—When New Trial Ordered.*—The Supreme Court will order a new trial where justice appears to demand it. p. 659.

From Marion Circuit Court (12,977); *Henry Clay Allen,* Judge.

Action by Tillie Krentler, by her next friend, against the Bemis Indianapolis Bag Company. From a judgment on a verdict for plaintiff for $15,000, defendant appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Reversed.*

*Miller, Elam & Fesler* and *Chambers, Pickens & Moores,* for appellant.

*Groninger & Groninger* and *M. A. Ryan,* for appellee.

MONKS, J.—Appellee, by her next friend, brought this action to recover damages for personal injuries received by

her while in the service of appellant. The jury returned a general verdict in favor of appellee and also answers to interrogatories submitted by the court under §555 Burns 1901, Acts 1897, p. 128.

Appellant's motion for a judgment in its favor on the answers to the interrogatories, notwithstanding the general verdict, and its motion for a new trial were overruled, and judgment was rendered on the general verdict in favor of appellee.

The rulings on the motions mentioned are separately assigned as error. If the answers of the jury to the interrogatories are in irreconcilable conflict with the general verdict the court below erred in overruling appellant's said motion for judgment in its favor. In determining whether the answers of the jury are in irreconcilable conflict with the general verdict, we can only look to the complaint, answer, the general verdict, the interrogatories and the answers thereto. *Consolidated Stone Co.* v. *Summit* (1899), 152 Ind. 297, 300.

It is alleged in the complaint "that the Bemis Indianapolis Bag Company, on September 24, 1903, and for a long time before, and at the time of bringing the action, owned and operated a factory in the city of Indianapolis, Indiana, and was engaged in manufacturing bags from paper and cloth, stamping and printing advertising matter thereon; that in its factory it had a large printing machine and press, used for the purpose of printing and stamping advertising matter on paper bags manufactured by the defendant; that said machine or printing-press consisted of a large iron frame, in which were adjusted large iron cylinders, revolving one upon another in a very rapid manner, being propelled by electricity as a motive power; that these cylinders on September 24, 1903, were, and still are, unguarded, and are very dangerous to persons operating the machine or press, as was well known to the defendant for a

long time before the happening of the injury afterward described; that on and before September 24, 1903, plaintiff was in the employ of the defendant, and on that day was ordered by the defendant, through its agent and foreman, under whose direction she was working, and whose direction she was bound to obey, to work upon and operate said machine and press; that the work she was ordered to do, at the time mentioned, was to feed paper bags through and between the cylinders of the machine for the purpose of having printed advertising matter impressed thereon by said machine; that in the performance of her duties she was obliged to stand at the side of the machine, on a platform made for that purpose about eighteen inches from the floor; that she was then a minor less than seventeen years of age, and wholly inexperienced in the use of the machine; that the machine had large iron revolving cylinders operated by electricity, and revolving one upon the other in a very rapid manner, and plaintiff, in working at said machine as ordered, had to stand on the platform facing the table connected with the machine, on which were placed the bags before they were run into the machine, and in the performance of her duties she was obliged to be in close proximity to the revolving cylinders; that in the performance of her work as ordered, on the day mentioned, she guided and fed into the machine, between the rapidly revolving cylinders, paper bags to be printed upon by the machine; that connected with the machine was a table upon which the bags were placed before they were printed, and in the performance of her work she picked up a paper bag off of the pile with her right hand, pushed it down on the table, caught it with her left hand, and guided it into the machine; that as she was performing this work the electric power propelling the machine unexpectedly came on with unusual force, and caused the machine to make a sudden start and to jerk with great force, which caused the pile of bags on the table connected with the

machine to fall over and strike her left arm, and thereby pushed and caused it to be drawn into the machine and between the rapidly revolving cylinders, causing the injuries complained of; that the defendant negligently permitted the electric power to come on and cause the machine to jerk, and thereby caused the pile of bags to fall down upon plaintiff's left hand and arm; that defendant, in violation of the statute of the State of Indiana, had wholly and negligently failed and refused to guard in any manner the rapidly revolving cylinders of the machine so as to prevent the hands and arm of the person operating it from being drawn into and between the cylinders; that if the machine had been guarded and the entrance to the cylinders guarded the injuries complained of would not have occurred; that plaintiff's left hand and arm were drawn between the cylinders; that this injury was caused solely by the negligence of the defendant in not regulating the electric power used in operating the machine, and in disobeying the statute of the State of Indiana in failing properly to guard the revolving cylinders so as to prevent the plaintiff's arm and hand from being drawn between them while operating the machine."

Appellant insists that the jury by their answers to the interrogatories found "that there was no falling of the bags on appellee's hand, that appellee's hand got into the machine solely because the machine was not guarded, and that the failure properly to guard the machine was the proximate cause of her injury, and that her injury was caused solely by the failure on the part of appellant properly to guard the machine, and that such answers are in irreconcilable conflict with the general verdict."

Appellee contends that the jury, by their answers to interrogatories, found that "the proximate cause of appellee's injuries was the violation of a statutory duty resting upon appellant in not properly guarding the machine in question, and that the falling of the bags was not the proxi-

mate cause of appellee's injury, and that their findings are consistent with the general verdict."

This contention of appellee is on the theory that appellant was required, by said factory act, to guard the printing-press mentioned in the complaint, and that the failure on the part of appellant properly to guard the same, as required by said act, was the proximate cause of her injury.

The printing-press mentioned in the complaint is not one of the particularly enumerated or designated pieces of machinery or appliances required by the factory act (§7087i Burns 1901, Acts 1899, p. 231, §9) to be properly guarded, and as there are no facts alleged in the complaint showing that said printing machine is of the class of machinery required by said act to be guarded, we hold upon the authority of *Laporte Carriage Co.* v. *Sullender* (1905), 165 Ind. 290, that the complaint does not state a cause of action under said factory act, for the reason that it is not shown that any duty rested upon appellant under said act to guard said printing-press. Moreover, as was said in the last case cited, at page 303: "There is also an entire absence of facts to disclose whether it is possible or practicable properly to guard this particular machine without rendering it useless for the purpose for which it is intended to be operated."

Whether the complaint states a cause of action in favor of appellee at common law, we need not determine.

The general verdict found that appellee was entitled to recover at common law, while the answers of the jury to the interrogatories found that the sole and proximate cause of appellee's injury was appellant's violation of a statutory duty to guard the printing-press mentioned in the complaint. This finding is in such conflict with the general verdict that it cannot be reconciled or removed by any evidence admissible under the issues in

the cause, and is therefore in irreconcilable conflict with said general verdict. It follows that the court erred in overruling said motion of appellant for judgment in its favor on the answers to the interrogatories. Other questions are discussed in the briefs, but the conclusion we have reached renders their determination unnecessary.

The judgment is reversed, and upon the authority of *Farmers, etc., Ins. Assn.* v. *Stewart* (1906), *ante,* 544, and the cases cited, the trial court is instructed to grant appellant a new trial, with leave to appellee to amend the complaint, if desired, and for further proceedings not inconsistent with this opinion.