## SOUTHERN RAILWAY COMPANY v. DEPAUW.

[No. 21,714. Filed July 1, 1910. Rehearing denied October 13, 1910.]

1. RAILROADS.—*Setting Fires.—Several Acts of Negligence.—Proof of one.*—Where a complaint alleged that defendant railroad company (1) negligently operated a defective locomotive provided with a defective spark arrester, and (2) negligently and carelessly operated and managed its locomotive, by reason whereof the sparks therefrom burned plaintiff's buildings, proof of one of such acts of negligence is sufficient. p. 611.

2. TRIAL.—*Verdict.—Interrogatories.—Several Acts of Negligence. —-Proof of One.—Railroads.—Setting Fires.*—Answers to interrogatories showing (1) that the locomotive used by defendant railroad company was not properly constructed and equipped, and (2) that it was properly operated by competent engineers, do not overthrow a general verdict for the plaintiff in an action for the company's negligence in burning plaintiff's buildings, proof of one act of negligence being sufficient. pp. 612, 614.

3. TRIAL.—*Interrogatories.—Conclusions.—Engines "run and operated properly."*—An interrogatory asking the jury whether defendant railroad company's locomotives were "run and operated properly," answered "Yes," states a fact and not a mere conclusion. pp. 612, 613.

4. NEGLIGENCE.—*Question of Law and Fact.—Conclusions.*—Negligence is usually a question of mixed law and fact, and a finding that defendant was guilty of negligence is a conclusion and not a finding of fact. p. 612.

5. TRIAL.—*Verdict.—Interrogatories.—Presumptions.*—The general verdict prevails over the answers to interrogatories to the jury, where, unaided by any favorable presumptions, they are not in irreconcilable conflict therewith. p. 614.

From Floyd Circuit Court; *W. C. Utz,* Judge.

Action by Newland T. DePauw against the Southern Railway Company. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court under subd. two, §1394 Burns 1908, Acts 1901 p. 565, §10. *Affirmed.*

*Alex P. Humphrey, Edward P. Humphrey* and *John D. Welman,* for appellant.

*Henry E. Jewett* and *Alexander Dowling,* for appellee.

JORDAN, J.—This was an action instituted by appellee in the lower court upon a complaint in two paragraphs to recover damages for the alleged destruction by fire of certain buildings belonging to him, caused by the negligence of defendant. The first paragraph of complaint, among other things, shows that plaintiff, on December 1, 1904, was the owner of a certain elevator located on premises belonging to him, situated in Floyd county, Indiana, near the line of appellant's railroad; that on said date, without fault or

negligence on the part of plaintiff, this elevator building, together with its contents, was destroyed by fire, caused by sparks from a locomotive owned by defendant and run by it over its said railroad. The second paragraph discloses that plaintiff was the owner of a certain crusher and a bottle-house located on lands owned by him in Floyd county, Indiana, and situated near defendant's railroad; that on April 7, 1905, this crusher and bottle-house were destroyed by fire, caused by sparks emitted from a locomotive run and operated by defendant over its said road on that date, all without fault on the part of plaintiff. Judgment for $10,700 is demanded.

The answer to the complaint was a general denial. There was a trial by jury and a general verdict returned finding for plaintiff and assessing his damages at $3,500. Along with the general verdict the jury returned answers to two interrogatories which had been propounded to them. These interrogatories and the answers are as follows: "(1) Were the locomotives of defendant, mentioned in the complaint, at the time of the fires herein stated, properly constructed and equipped, and of the kind and character used upon well-managed and equipped railroads? A. No. (2) Were the locomotives, mentioned in plaintiff's complaint, at the times therein stated, run and operated properly and by competent engineers? A. Yes." Defendant moved for a judgment in its favor upon the answers of the jury to these interrogatories, notwithstanding a general verdict. This motion, over defendant's exception, was overruled. The court then rendered judgment in favor of plaintiff upon the verdict for $3,500, together with costs. From this judgment defendant appealed. The only error assigned is the overruling of the motion for judgment upon the answers of the jury to the two interrogatories.

The contention of appellant's learned counsel is that each paragraph of the complaint embraces two charges of negli-

gence:   (1) The negligent use by appellee of a de-
1.   fective locomotive, one not properly furnished with
a good and sufficient spark arrester; (2) that the
locomotive was carelessly and negligently managed, and that
by reason thereof large sparks and coals of fire were thrown
from the smoke-stack of said locomotive.   It is insisted that
appellee's right of action is based upon these two grounds
of negligence combined, and therefore each ground must be
proved on the trial in order to entitle appellant to recover;
that inasmuch as the jury, by its answer to interrogatory
two, in effect finds that the locomotive was not carelessly
and negligently operated and managed, finding against ap-
pellee on the second ground of negligence, therefore he is
not entitled to recover, and the judgment should have been
rendered in favor of appellant on the answer of the jury to
the second interrogatory.   Conceding, without deciding, that
counsel for appellant are right in their contention that two
grounds of negligence are alleged in each paragraph of the
complaint, nevertheless we cannot agree with them in their
insistence that appellee's right of action is based upon these
two grounds combined.   It is a well-settled proposition that
several acts of negligence, if sufficiently alleged, may be set
up by a plaintiff in his complaint, and that each may be
relied on as affording a separate basis for a recovery.   Under
such a complaint a recovery upon the trial by the com-
plainant will be justified if the evidence establishes that the
injury complained of is the result of one or more of the acts
of negligence charged in the complaint. *Chicago, etc., R. Co.* v.
*Barnes* (1905), 164 Ind. 143, and cases cited; *Pittsburgh,
etc., R. Co.* v. *Lightheiser* (1907), 168 Ind. 438; 14 Ency. Pl.
and Pr. 345.   In the case of *Pittsburgh, etc., R. Co.* v. *Light-
heiser, supra,* at page 459 of the opinion, the court said:
"When several acts of negligence are sufficiently alleged in
a complaint, it is not true, as claimed by appellant, that all
of such acts must be proved to entitle the plaintiff to recover,

but a recovery will be justified if it is established that the injury complained of was the result of one or more of said acts of negligence.''

Appellant's counsel argue that the finding of the jury upon interrogatory two is in irreconcilable conflict with and antagonistic to the general verdict, and therefore 2. the motion for judgment in favor of appellant should have been sustained by the lower court. By the answer of the jury to the second interrogatory, it is found that the locomotives mentioned in the complaint, at the times therein stated, were run and operated properly and by competent engineers; that part of this finding in regard to competent engineers is outside the issues, and therefore must be eliminated and disregarded. With the elimination of this statement there remains the finding that the locomotives ''were run and operated properly.''

Appellee's counsel contend, however, that this is not a finding of a fact, but a mere conclusion of law, and therefore cannot be considered in support of the motion 3. for judgment on the interrogatories. Upon this view of the question appellee's learned counsel are clearly wrong. The finding that the locomotives were properly run and operated, is the finding of a particular fact, as contemplated by §572 Burns 1908, Acts 1897 p. 128, §1, which authorizes the submission of interrogatories to a jury. This section provides: ''That in all actions hereafter tried by a · jury, the jury shall render a general verdict, but in all cases when requested by either party, the court shall instruct them when they render a general verdict to find specially upon particular questions of fact to be stated to them in writing in the form of interrogatories on any or all the issues in the cause.''

It is true that there are many decisions of this court which affirm that conclusions of law drawn by a jury in a 4. special finding are not authorized, and therefore of no avail in breaking down the general verdict. Neg-

ligence generally is a mixed question of law and fact. Therefore a finding by a jury that defendant was guilty of negligence, is a conclusion of law and not a finding of fact. *Toledo, etc., R. Co.* v. *Goddard* (1865), 25 Ind. 185. Equally so is the finding that the injuries were caused by the carelessness, negligence and default of the defendant. *Pittsburgh, etc., R. Co.* v. *Spencer* (1884), 98 Ind. 186.

Other cases might be cited upon the same point, but these will suffice for the purpose intended. The statement, however, that the locomotives were "properly run and

3. operated" must be regarded as a finding of a fact and not a mere conclusion of law. It cannot be held to be a conclusion of law upon the authority of the cases last cited. The same reasons cannot be advanced for holding it to be a mere conclusion, as were advanced in these latter cases. The finding in question is no more a conclusion of law than the finding that certain public highways will be benefited by the construction of a public ditch, or the finding that such ditch will benefit the public health, which were held by this court to be findings of facts in *Perkins* v. *Hayward* (1890), 124 Ind. 445. The terms "proper" and "properly" have been frequently used in special findings, and the same terms will be found to have been employed by the legislature in the enactment of statutes in order to show the condition in which the legislature required machinery and appliances in factories to be kept and maintained. To illustrate: By §8026 Burns 1908, Acts 1899 p. 231, §6, it is provided that "proper and substantial handrails shall be provided on all stairways in all establishments above enumerated. * * * The stairs shall be properly screened at the sides and bottom." By §8029 Burns 1908, Acts 1899 p. 231, §9, it is provided that "all vats, pans, saws, planers," etc., shall be properly guarded. We may assume that the jury inferred from facts in the case, proved by the evidence, that the locomotives were properly run and operated, and the inference so drawn by them was the finding which they

made by their answer to the interrogatory in question. *Citizens St. R. Co.* v. *Reed* (1898), 151 Ind. 396. It follows that the finding of the jury upon interrogatory two is a finding of a fact and not a legal conclusion.

The next inquiry arising is, Was appellant entitled to a judgment in its favor on the answer of the jury to interrogatory two? It is a well-settled proposition, affirmed and reaffirmed by many decisions of this court, that the general verdict in this case must be considered as having determined in appellee's favor upon the evidence, every question or point material to his right of recovery under his complaint and all reasonable presumptions will be indulged in support of the general verdict. Nothing will be presumed in aid of answers to interrogatories. It is only where the facts found by such answers are in such irreconcilable conflict with, or antagonistic to, the general verdict that the answers to the interrogatories will override and break down the general verdict. *Consolidated Stone Co.* v. *Summit* (1899), 152 Ind. 297; *Chicago, etc., R. Co.* v. *Leachman* (1903), 161 Ind. 512; *Wabash R. Co.* v. *Keisler* (1904), 163 Ind. 609.

It will be observed that by the answer of the jury to the first interrogatory they find facts in favor of appellee in support of the first ground of negligence alleged in the complaint. In view of this finding, we may properly presume that the jury found for appellee upon the issue tendered on the first ground of negligence as alleged in the complaint, and in the light of the two answers to the interrogatories in question it must be presumed that the general verdict is based upon the first ground of negligence, and not in any respect upon the second. This being true, then, as against appellant's motion for judgment, the general verdict must prevail, even though it be conceded that it is disclosed by the answer to the second interrogatory that the jury found against appellee upon the second ground of negligence alleged in the complaint. As

it appears then that appellee, under the evidence, established the first act of negligence alleged, he, as the authorities hereinbefore cited affirm, was entitled to recover thereon, although he may have failed to establish the second ground. As against appellant's motion for judgment, the general verdict must prevail. It follows, therefore, that the lower court did not err in denying appellant's motion for judgment.

Judgment affirmed.