GILLIS, ADMINISTRATRIX OF GILLIS, *v.* NEW YORK, NEW HAVEN & HARTFORD RAILROAD COMPANY.

ERROR TO THE SUPERIOR COURT OF THE STATE OF MASSACHUSETTS.

No. 296.   Argued March 26, 27, 1919.—Decided April 21, 1919.

In the absence of manifest error, concurrent action of state trial and appellate courts in finding no evidence of defendant's negligence sufficient to go to the jury, in a case under the Federal Employers' Liability Act, will not be reexamined by this court.

224 Massachusetts, 541. affirmed.

THE case is stated in the opinion.

Mr. *James J. McCarthy,* with whom Mr. *Daniel M. Lyons* and Mr. *Thomas C. O'Brien* were on the brief, for plaintiff in error.

*Mr. John L. Hall* for defendant in error.

MR. JUSTICE MCKENNA delivered the opinion of the court.

Action under the Employers' Liability statute, 35 Stat. 65. Plaintiff in error's intestate, on November 3, 1912, while in the railroad company's service in interstate commerce, was killed, through the negligence, in whole or in part, it is charged, of one of the company's officers, agents or employees.

The defenses of the company were denial of the declaration and averments that the intestate's injuries and death were due to and caused by his own negligence and besides "were the result of acts, conditions and circumstances the happening of which was assumed" by him.

The case was tried to a jury. At the conclusion of the testimony, upon motion of defendant and over the objection and exception of plaintiff, the court ruled that upon all of the evidence the plaintiff was not entitled to recover and directed a verdict for defendant. It was stipulated that the case was to be reported for the determination of the full court and that if the ruling and direction should be held to be right, then judgment was to be entered for defendant. "If the case ought to have been submitted to the jury, then judgment is to be entered for the plaintiff in the sum of forty-five hundred ($4500) dollars." The case was so reported. The full court reviewed the testimony quite elaborately and concluded from that review that "the only person who was negligent was the deceased and the judge was right in directing a verdict for the defendant," and cited *Great Northern Ry. Co.* v. *Wiles*, 240 U. S. 444.

That case repeated the established principle that when the evidence justifies it it is competent for a court to direct a verdict for a defendant. The principle is not

attacked by plaintiff.  The contention, however, is that the courts below, one of which tried the case, were wrong in their estimate of the evidence and that plaintiff was entitled to the judgment of the jury upon it.  We are unable to yield to the contention.  Nor do we think it necessary to give a review of the evidence.  It will be found in the opinion of the court and we have verified its correctness.  The case turns, therefore, upon an appreciation of the testimony and admissible inferences therefrom, and even if the conclusions of the courts were more disputable we should have to defer to them.  *Baltimore & Ohio R. R. Co.* v. *Whitacre,* 242 U. S. 169; *Erie R. R. Co.* v. *Welsh,* 242 U. S. 303.

*Judgment affirmed.*