CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* WOLF, ADMINISTRATOR.

[No. 23,532. Filed June 24, 1920. Rehearing Denied November 9, 1920. Petition for Change of Mandate Overruled November 9, 1920.]

1. MASTER AND SERVANT.—*Negligence.—Conductor Vice-Principal of Brakeman Under Lex Loci.—Assumed Risk.—Knowledge of Defect or Danger by Master.—Complaint.*—The statutes of Ohio, pleaded in a complaint for the death of a brakeman, alleged to have been caused in Ohio by the negligence of his conductor, control except as to procedure in determining questions raised by demurrer, and where such statutes made the use or operation of a car defectively equipped unlawful, and made the conductor a vice-principal of the brakeman at the time and in the work in question, the complaint must be held sufficient as against objections based on the facts that it failed to negative the assumption of risk by decedent, that it did not allege that the defendant had knowledge of the defective coupling device, and that it did not allege knowledge by the conductor of the dangerous plight of the decedent when signaling for the movement of the cars that produced the injury. p. 590.

2. ACTION. — *Negligence. — Matters of Procedure. — Law of the Forum.*—In enforcing a right of action for a negligent injury, matters of procedure, such as the admissibility of evidence, the casting of the burden of proof on particular issues, etc., are governed by the *lex fori,* and not by the *lex loci.* p. 590.

3. APPEAL.—*Complaint.—Motion to Make More Specific.—Reversible Error.*—To constitute reversible error, the overruling of a motion to make a paragraph of complaint more specific must be affirmatively shown to have injured the appellant. p. 591.

4. TRIAL.—*Answers to Interrogatories.—When Overcome General Verdict.*—The special findings of the jury in answer to interrogatories override the general verdict only when both cannot stand, the conflict being such that, upon the face of the record, it is

beyond the possibility of being removed by any evidence admissible under the issues.   p. 591.

5. TRIAL.—*Verdict.—Effect Upon All Material Issues.—Presumptions.*—The general verdict carries to its support all intendments, inferences and presumptions derivable from any evidence admissible under the pleadings, and is a determination of all material issues in favor of the party for whom it is returned.   p. 592.

6. MASTER AND SERVANT. — *Self - Inflicted Injury.— Contributory Negligence.—Effect on Action by Administrator.*—If a brakeman, going between cars to make a coupling, had control of the movements of the cars, and the car by which he was run over and killed was moved in response to his direction, or if the injuries received by him were the result of his own negligence or contributory negligence, his administrator cannot recover for his death.   p. 592.

7. TRIAL.—*Answers to Interrogatores.—Practice.—Reconciled with Verdict If Possible.*—In passing upon questions raised by a motion for judgment in answers to interrogatories, it is the duty of the court to reconcile the answers with the verdict and with each other, if the same can be done upon any reasonable hypothesis.   p. 593.

8. TRIAL.—*Answers to Interrogatories.—Effect When Inconsistent and Contradictory of Each Other.—Verdict.*—Answers to interrogatories that are inconsistent and contradictory of each other cannot control a general verdict.   p. 593.

9. MASTER A N D SERVANT.—*Answers to Interrogatories.—Negligence.—Contributory Negligence.—Irreconcilable Conflict.*—In an action for the death of a brakeman, alleged to have been caused by the conductor's negligence in directing the engineer to move the train while the brakeman was between the cars making a coupling, answers to interrogatories showing that the brakeman, whose duty it was to make couplings, and who had not been asked by the conductor to go between the cars, said, "All right, back up," and that thereafter, and in response thereto, the conductor signaled the engineer, and the cars were backed, and that the statement made by the brakeman was such as was then understood by railroad men to mean that the cars were to be backed without reference to whether the brakeman was between them, and that the conductor, who was within thirty feet and could see his left side, understood from what the brakeman said that the latter directed that they should be backed, and that the car that injured the brakeman was not moved during the time he was trying to couple it and the other car until he had said or done that which indicated to the engineer or conductor that it should be moved, are in direct conflict with the material allegations of negligence in the

complaint, show contributory negligence and are in such irreconcilable conflict with the general verdict as to require a reversal. p. 593.

10. APPEAL.—*Reversal.—Interrogatories.—When New Trial Granted.*—Where justice requires, the Supreme Court may order a new trial, though the answers to interrogatories to the jury technically entitle appellant to a judgment. p. 594.

From Bartholomew Circuit Court; *John W. Donaker,* Special Judge.

Action by Fred Wolf, administrator of the estate of Burney Wolf, deceased, against the Cleveland, Cincinnati, Chicago and St. Louis Railroad Company. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1394 Burns 1914, Acts 1901 p. 565.) *Reversed.*

*Carter & Morrison* and *Baker & Richman,* for appellant.

*Hugh D. Wickens, John E. Osborn, Frank Hamilton* and *James F. Cox, for appellee.*

WILLOUGHBY, J.—This was an action by appellee, as administrator of the estate of Burney Wolf, deceased, to recover damages for the death of his decedent, alleged to have been caused by negligence on the part of appellant. The complaint was in four paragraphs, second, third, fourth, and fifth. There was a motion to make the third paragraph more specific, which was overruled, and a demurrer for want of facts was filed to each paragraph, and each demurrer was overruled. A general denial was filed and the issue tried by a jury that returned a verdict for the plaintiff in the sum of $2,000. Appellant made a motion for judgment on the answers to interrogatories, which was overruled. A motion for a new trial was also overruled, and judgment rendered on the verdict,

from which judgment appellant appeals and assigns
as error: (1) Overruling appellant's demurrer to
each paragraph of the complaint. (2) Overruling
its motion to make the third paragraph of complaint
more specific. (3) Overruling its motion for judg-
ment on the interrogatories notwithstanding the gen-
eral verdict, and overruling its motion for a new
trial.

The complaint contains four paragraphs which are
similar in their allegations and show in substance the
following facts: That appellant is a corporation or-
ganized and incorporated under the laws of Indiana
and Ohio, and is engaged in the operation of a railroad
through certain counties in each of said states; that
decedent was employed by appellant as a brakeman
on said railroad, and, in the course of his employment,
was required to couple and uncouple cars; that on
May 24, 1905, appellant operated a certain freight
train over its said road in charge of a conductor, who
had the control and management of said train and the
employes thereon, including decedent, whose superior
he was; that on said day, at Valley Junction, Ohio,
decedent was directed by said conductor to couple
a car to the train on which he was employed; that
said car was equipped with a coupling device so ar-
ranged that, when the same was in proper condition
and repair, the car could be coupled to a train by
turning a handle which was connected with, and raised
and lowered the coupling pin, thus making it unnec-
essary for the employe to place himself between the
cars; that appellant had negligently permitted said
coupling device to become defective and choked and
blocked with sand, so that the connecting rod would
not operate and raise the coupling pin, and there was

no other way or means of raising the pin and making the coupling than for decedent to. step between the cars and raise the pin with his hand; that decedent did, in fact, step between said cars and raised the coupling pin; that as he attempted to step back from between the cars his foot caught in a guard rail on the track and he was unable to release it; that while decedent was in this position the conductor who was in charge of the train carelessly and negligently directed the engineer to start said train, with the result that said train did start, and ran over decedent, to his resulting injury and death; that, at the time said signal and direction to start said engine and cars was given by said conductor, he was within six feet of and was looking directly at decedent, and by the exercise of care could have known and did know that decedent was between said cars and in a place of danger and liable to suffer injury by the movement of said cars; that it was the duty of said conductor not to order said cars to be moved until decedent was out from between said cars and out of said place of danger. Certain statutes alleged to have been in force on the day in question as a part of the law of Ohio are pleaded in and as a part of the complaint, but need not be here referred to in detail. One of such statutes made it unlawful for a railroad corporation "to knowingly or negligently use or operate any car or locomotive that is defective, or any car or locomotive upon which the machinery or attachments thereto belonging are in any manner defective," while another, in its effect, provided that appellant's said conductor, at the time and in the work in which they were engaged, was the superior and not a fellow servant of decedent.

In support of his demurrer appellant insists that each paragraph of said complaint is insufficient on account of failing to negative assumption of risk which resulted in his injury, and also because it is not specifically alleged that appellant had knowledge of the defective machinery or appliances on its said car, and also that it is not alleged that the conductor knew, when he signaled the engineer to move the cars, that the decedent's foot was caught in the rails.

In view of the fact that the actual injury is alleged to have resulted from the negligence of the conductor, operating independently, and after decedent was in a position of danger, the complaint must be held sufficient as against the objections urged, if this element of negligence is well pleaded.

In determining these questions it must be borne in mind that the law of Ohio is to control except in matters of procedure which must be controlled by the law of this state. Matters relating to the procedure in a case enforcing a right of action, such as admissibility or nonadmissibility of evidence, and upon whom the burden of proof shall rest in establishing certain issues, etc., are to be governed by the *lex fori* and not by the *lex loci. Chicago, etc., R. Co.* v. *Vandenberg* (1905), 164 Ind. 470, 489, 73 N. E. 990.

Each paragraph of the complaint alleges that the injury which decedent suffered was caused by the negligence of the conductor operating independently and after decedent was in a position of danger. The relation of the parties was fixed by the law of Ohio, and under that law the conductor was not a fellow servant of decedent, but a superior, or vice principal, and under the facts alleged the risk

which resulted from his affirmative and unforeseen act of negligence was not assumed by decedent. *Nall, Admx., v. Louisville, etc., R. Co.* (1891), 129 Ind. 260, 28 N. E. 183, 611; *Pittsburgh, etc., R. Co. v. Nicholas* (1906), 165 Ind. 679, 76 N. E. 522; *Hammond v. Kingan & Co.* (1913), 53 Ind. App. 252, 101 N. E. 385. The several paragraphs of complaint were sufficient to withstand a demurrer.

Overruling the motion to make the third paragraph more specific was not reversible error. To constitute reversible error, the overruling of a motion to make more specific must be shown affirmatively to have injured appellant. *Leimgruber v. Leimgruber* (1909), 172 Ind. 370, 86 N. E. 73, 88 N. E. 593; *Board, etc. v. State, ex rel.* (1913), 179 Ind. 644, 102 N. E. 97; *Adams Express Co. v. Welborn* (1915), 59 Ind. App. 330, 108 N. E. 163, 109 N. E. 420. An examination of the record fails to show any injury to appellant by reason of such ruling.

Appellant contends that the court erred in overruling its motion for judgment on the answers of the jury to interrogatories. The special findings of the jury in answer to the interrogatories override the general verdict only when both cannot stand, the conflict being such that, upon the face of the record, it is beyond the possibility of being removed by any evidence admissible under the issues in the cause. *Pittsburgh, etc., R. Co. v. Lightheiser* (1907), 168 Ind. 438, 78 N. E. 1033; *Southern R. Co. v. DePauw* (1910), 174 Ind. 608, 92 N. E. 225; *Wise v. Cleveland, etc., R. Co.* (1915), 183 Ind. 484, 108 N. E. 369.

The general verdict carries to its support all intendments, inferences and presumptions which may be

drawn from any evidence admissible under the pleadings, and is a determination of all material issues in favor of the party for whom it is returned. *Cleveland, etc., R. Co.* v. *Markle* (1918), 187 Ind. 553, 119 N. E. 371.

The complaint alleges in substance that while decedent was between the cars and in a place of danger the conductor, who was in charge of the train, carelessly and negligently directed the engineer to start said train, with the result that said train did start and run over decedent to his resulting injury and death; that at the time said signal and direction to start the engine and cars was given by said conductor he was within six feet of and was looking directly at decedent, and by the exercise of care could have known, and did know, that decedent was between said cars and in a place of danger, and liable to suffer injury by the movement of the cars.

The general verdict finds this allegation of negligence to be true. The appellant contends that the answers to interrogatories show that, at the time Burney Wolf, the plaintiff's decedent, received the injury which caused his death, he had control of the movement of the cars, and that the car which ran over him was moved in response to his direction, and that therefore his injury was self-inflicted. If Burney Wolf, plaintiff's decedent, had control of the movements of the cars, and the car that ran over him was moved in response to his direction, or the injuries received by him were the result of his own negligence or contributory negligence, the plaintiff cannot recover. *Welty* v. *Indianapolis, etc., R. Co.* (1886), 105 Ind. 55, 4 N. E. 410; *Monteith* v. *Kokomo Wood Enameling Co.* (1902), 159 Ind. 149, 64 N. E.

610, 58 L. R. A. 944; *McDermott* v. *Atchison, etc., R. Co.* (1896), 56 Kan. 319, 43 Pac. 248; *Finnell* v. *Delaware, etc., R. Co.* (1892), 129 N. Y. 669, 29 N. E. 825; *Roblin* v. *Kansas City, etc., R. Co.* (1894), 119 Mo. 476, 24 S. W. 1011; *George* v. *Mobile, etc., R. Co.* (1895), 109 Ala. 245, 19 South. 784.

In passing upon this question it is the duty of the court to reconcile the answers to interrogatories with the general verdict, if that can be done on any reasonable hypothesis, and it is also the duty of the court to reconcile the answers to interrogatories with each other where that can reasonably be done. Interrogatories that are inconsistent and contradictory of each other cannot control a general verdict. *Nordyke & Marmon Co.* v. *Whitehead* (1915), 183 Ind. 7, 106 N. E. 867; *William Laurie Co.* v. *McCullough* (1910), 174 Ind. 477, 90 N. E. 1014, 92 N. E. 337, Ann Cas. 1913A 49.

By its answers to interrogatories the jury find: That it was the duty of the deceased in the discharge of his duties as a brakeman to couple and uncouple the cars; that the conductor did not request the decedent to go between the cars to make the coupling. At the time of making the coupling the conductor was standing about one car length, or thirty feet, from the deceased, and was between the deceased and the engine and could see the left side of deceased when he went in between the cars to make the coupling. The coupling did not make the first time the cars came together. When the coupling failed to make the engineer slacked ahead eight or ten feet in response to the direction of the deceased. After the train was slacked ahead and while he was between the cars the deceased said, "All right, back up," and

then the conductor gave the signal to the engineer to back the train. The conductor in response to what the decedent said while the latter was between the cars gave the signal to the engineer to back the cars, and the car that injured the decedent was backed in response to the signal given to the engineer by the conductor after he heard what the deceased said while he was between the cars. The conductor understood from what the decedent said while he was between the cars that the decedent directed that they should be backed. The statement made by decedent while between the cars was such as was then understood by railroad men to mean that the cars were to be backed without reference to whether decedent was between them. The cars were not backed at the time decedent was injured until after he, while between the cars, made the statement which the conductor said he heard just before the cars were backed the second time. The movement of the cars while the decedent was making the coupling was under his direction and control, and the car that injured decedent was not moved during the time he was trying to couple it and the other car, until he had said or done that which indicated to the engineer or conductor that it should be moved.

Appellee claims that the answers to interrogatories which conflict with the verdict are nullified by the answer to interrogatory No. 44. Interrogatory No. 44 is as follows: "If the coupling apparatus was out of repair by reason of the coupling rod being choked with sand so that it did not move easily, was it necessary for the decedent, if by reason thereof he went between the cars, to have directed the cars to be backed while he was between them, if he did direct them?" Ans. No. 44. "No evidence that he did

direct them.'' Considering this answer, in connection with the other answers to interrogatories, we find that, after eliminating the answers with which it is in conflict, there remain answers which are in direct conflict with all the material allegations of negligence in the complaint, and which show contributory negligence on the part of appellee's decedent, and which are in irreconcilable conflict with the general verdict.

Judgment reversed, with directions to the trial court to sustain appellant's motion for a new trial.

Myers, C. J., not participating.

## ON PETITION FOR REHEARING.

WILLOUGHBY, J.—In appellee's petition for a rehearing he insists that the court erred in holding that, ''after eliminating the answers with which interrogatory No. 44 is in conflict, there remain answers which are in direct conflict with all the material allegations of negligence in the complaint and which show contributory negligence on the part of appellee's decedent, and which are in irreconcilable conflict with the general verdict,'' and says: ''We are unable to determine from this statement what answers, in the opinion of the court, are thus eliminated.'' The answer to question No. 44 is in conflict with the answer to question No. 53, which was that ''the movement of the cars while the decedent was making the coupling was under his direction and control.'' It was not in conflict with any other answers. The answers to the other interrogatories are in irreconcilable conflict with the general verdict. A re-examination of the case confirms us that the conclusion reached in the original opinion is correct. The appellee's petition for a rehearing is overruled.

The appellant asks the court to change the mandate so that instead of ordering the circuit court to grant a new trial that court will be ordered to sustain appellant's motion for judgment in its behalf on the answers of the jury to the interrogatories. The appellant proceeds upon the theory that, if the answers to the interrogatories are in irreconcilable conflict with the general verdict, then judgment must be given on the answers of the jury, and the question of a new trial is not considered. In support of this contention he cites §573 Burns 1914, §547 R. S. 1881, which is as follows: "When the special finding of facts is inconsistent with the general verdict, the former shall control the latter, and the court shall give judgment accordingly."

Appellant's contention in this regard is not sustained by authority. It is in the sound discretion of the Supreme Court to say whether the cause shall be sent back for a new trial, and appellant has no absolute right to insist on judgment on the answers to the interrogatories. Where justice requires, the Supreme Court may order a new trial, though the answers to interrogatories to the jury may technically entitle appellant to judgment. *Inland Steel Co.* v. *Kiessling* (1910), 174 Ind. 630, 91 N. E. 1084; *Donaldson* v. *State, ex rel.* (1906), 167 Ind. 553, 78 N. E. 182; *Bemis Indianapolis Bag Co.* v. *Krentler* (1907), 167 Ind. 653, 79 N. E. 974; *Chicago, etc., R. Co.* v. *Wilfong* (1910), 173 Ind. 308, 90 N. E. 307; *Shoner* v. *Pennsylvania Co.* (1892), 130 Ind. 170, 28 N. E. 616, 29 N. E. 775; *State, ex rel.* v. *Beckner* (1892), 132 Ind. 371, 31 N. E. 950, 32 Am. St. 257; *Farmers, etc., Ins. Assn.* v. *Stewart* (1906), 167 Ind. 544, 79 N. E. 490; *Childress* v. *Lake Erie, etc., R. Co.* (1914), 182 Ind. 251, 105 N.

E. 467; *Morrissey* v. *Cleveland, etc., R. Co.* (1916), 61 Ind. App. 90, 110 N. E. 105; *Wendel* v. *Cleveland, etc., R. Co.* (1908), 41 Ind. App. 460, 82 N. E. 469; §702 Burns 1914, §660 R. S. 1881; Buskirk, Practice 334; Elliott, App. Proc. §563.

Appellant's petition to change the mandate is **overruled**.

Myers, C. J., not participating.