GEORGE J. McNAMARA & another *vs.* BOSTON AND MAINE RAILROAD.

Suffolk.   May 12, 23, 1933. — October 25, 1934.

Present: RUGG, C.J., PIERCE, FIELD, & LUMMUS, JJ.

*Negligence,* Employer's liability, Railroad.

An action against a railroad corporation, which was not insured under the workmen's compensation act, for the death of an employee of the defendant was grounded on negligence in the operation of a switching engine. There was evidence that, while the engine was pushing an empty box car onto a side track at night in a highly illuminated freight yard of the defendant, the decedent stood on the foot board of the engine, which was a proper place for him to be, in order to operate the coupling mechanism of the car; that the engineer and fireman could not see much of what was ahead because of the presence of the car, and were directed by signals given by the decedent; that, unknown to the engineer and fireman, another car, heavily laden, was standing on the side track; and that the decedent's death resulted when the box car was pushed into the other car. *Held,* that the evidence did not warrant a finding of negligence on the part of the defendant, and that the plaintiff could not recover.

TORT.   Writ dated February 8, 1929.

The action was tried in the Superior Court before *Bishop,* J. Material evidence is stated in the opinion. Subject to leave reserved, a verdict for the plaintiffs in the sum of $6,900 was recorded. Thereafter the judge ordered entered a verdict for the defendant and reported the action for determination by this court.

*E. J. Flynn,* (*A. L. Baker* with him,) for the plaintiffs.

*F. P. Garland,* (*J. DeCourcy* with him,) for the defendant.

LUMMUS, J.   This is an action under G. L. c. 229, § 4, brought by the dependent next of kin of an employee instantly killed on February 11, 1928, to recover damages for the death from an employer not insured under the workmen's compensation act. *Sylvain* v. *Boston & Maine Railroad,* 280 Mass. 503. Without exception by the plaintiffs, a verdict for the defendant was directed on all counts except the first count, which alleged negligence in the opera-

tion and management of a locomotive engine. Upon the return of a verdict for the plaintiffs on that count, leave was reserved under G. L. (Ter. Ed.) c. 231, § 120, and, subsequently a verdict for the defendant on that count was entered, subject to exception by the plaintiffs, and the case was reported. The only question argued by the plaintiffs is whether the evidence warranted the submission of the first count to the jury.

On the night of the injury, the deceased was an experienced yard brakeman engaged in distributing freight cars among different tracks in a highly illuminated freight yard of the defendant. In the yard the main or "ladder" track ran over a small hill or "hump," from which cars would run largely by gravity and could be distributed to the several yard tracks by means of switches and "retarders" in the tracks, operated from a tower. A string of cars was pushed down to the "hump" by a switching engine operated by an engineer and a fireman, and when the car farthest from the engine went over the "hump" with sufficient velocity to reach its destination a brakeman uncoupled the car, the engine was stopped, and the car rolled to its destination. At the time of the injury, only a large empty box car remained attached to the engine. It could be uncoupled by means of a lever operated from the end of the car or from the foot board at either side of the front of the engine. The engineer and the fireman could see little in the direction in which the engine was going, because of the box car in front of them. They merely furnished the motive power, and were directed by signals made by the deceased brakeman with a lantern. The deceased was at liberty to signal from the ground or from the foot board, while the engineer and fireman were confined to the cab.

The empty box car, when uncoupled, failed to roll freely, and had to be given a second push or "kick" by the engine. The car still failed to roll freely. The yard conductor ordered the deceased to have the car pushed or "kicked" to a particular track, and then left for another track. In accordance with signals from the deceased, who was on the right front foot board of the engine, the engine pushed

the car to the track designated. The deceased signalled for more speed, and the engine responded. Unknown to the engineer and fireman, and apparently to the deceased also, a coal car loaded with pig iron was standing on the track. The empty box car was pushed into the loaded car, and the end of the empty box car nearer to the engine was lifted from the rails and fell on the deceased, killing him instantly.

The foregoing summary of the evidence shows that if there was negligence, it was that of the deceased, and not that of the defendant or its servants in the operation and management of the engine as alleged in the first count of the declaration. Because there was no evidence of negligence on the part of the defendant, the entry of a verdict for the defendant was right. *Gillis* v. *New York, New Haven & Hartford Railroad*, 224 Mass. 541, affirmed 249 U. S. 515. *Herlihy* v. *New York, New Haven & Hartford Railroad*, 227 Mass. 168, 172. *Beauchamp* v. *Michigan Central Railroad*, 231 Mich. 546. *McDermott* v. *Atchison, Topeka & Santa Fe Railroad*, 56 Kans. 319.

*Judgment for the defendant.*